UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARC DIXON,

    Plaintiff,

vs.                                                Case No. _____

PICSOLVE, INC.,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, Marc Dixon ("Dixon"), sues Defendant, Picsolve, Inc. ("Picsolve"), and alleges as follows:

### INTRODUCTION

1.    This action concerns an employer, Picsolve, which was obligated but failed to pay its employee, Dixon, amounts due for bonus compensation, expense reimbursements, a contractual termination payment and, a separate contractual severance compensation package.

### THE PARTIES, JURISDICTION, AND VENUE

2.    Dixon is a citizen of the United States and domiciled in the state of Pennsylvania.

-1-

3. Picsolve is an active corporation organized exclusively under the laws of the State of Florida and has its principal place of business in Orlando, Orange County, Florida.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between a citizen of Florida and a citizen of Pennsylvania, and the amount in controversy exceeds $75,000, exclusive of interest, attorneys' fees, and costs.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Picsolve resides in this district, and, under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims stated herein occurred in this district.

## GENERAL ALLEGATIONS

6. Picsolve is generally in the business of providing photography services at theme parks and tourist destinations.

7. Picsolve made an offer of employment to Dixon to be its Director of Sales and Business Development via a letter dated December 22, 2017 ("Offer Letter") attached as *Exhibit A*.

8. Dixon accepted the terms of employment stated in the Offer Letter when he signed it on December 22, 2017.

9. On or about January 8, 2018, Dixon began his term of employment with Picsolve as its Director of Sales and Business Development.

10. Dixon was continuously employed by Picsolve from his start date through January 21, 2020 when he was terminated without cause.

COUNT I – BREACH OF EMPLOYMENT CONTRACT

Plaintiff, Dixon, sues defendant, Picsolve, and alleges:

11. Dixon incorporates and realleges paragraphs 2 through 10 above as if fully set forth herein.

12. The Offer Letter is a valid and binding agreement entered into between Picsolve and Dixon.

13. Pursuant to the Offer Letter, Picsolve was obligated to pay Dixon:

   a. an annual salary was $135,000;

   b. semi-annual bonuses based on sales ("sales bonus");

   c. an annual bonus based on profitability of Picsolve's parent company, Picsolve, Ltd. ("profit bonus"); and

   d. if Dixon was terminated without cause before the third anniversary of his start date, a severance payment of $135,000 ("severance payment").

14. The parties mutually agreed to an oral modification or supplementation of the terms of employment whereby Dixon would advance, but Picsolve would reimburse him for, expenses incurred in connection with carrying out his job duties (the "expense reimbursement policy") and also that Dixon's bonuses would be paid quarterly instead of semi-annually.

15. Both parties performed consistently with the terms of the expense reimbursement policy and quarterly bonus payment structure.

16. Picsolve thereby received and accepted a benefit that it otherwise was not entitled to under the original terms of employment in the form of having its employee advance those expenses and that it could pay quarterly instead of semi-annual bonuses.

17. Picsolve terminated Dixon without cause before the third anniversary of his start date.

18. Picsolve materially breached its obligations under the employment agreement by failing to pay the sales bonus due.

19. Picsolve materially breached its obligations under the employment agreement by failing to pay the profits bonus due.

20. Picsolve materially breached its obligations under the employment agreement by failing to pay the reimbursements due under the expense policy.

21. Picsolve materially breached its express obligations under the employment agreement by failing to pay the severance payment due within a commercially reasonable time after termination.

22. Dixon performed all his material obligations under the employment agreement.

23. All conditions precedent to this claim have occurred or been performed.

24. Dixon has suffered damages as a result of Picsolve's breaches.

Wherefore, Dixon demands judgment against Picsolve for damages and such other relief that the court deems appropriate.

## COUNT II – BREACH OF SEPARATION CONTRACT

Plaintiff, Dixon, sues defendant, Picsolve, and alleges:

25. Dixon incorporates and realleges paragraphs 2 through 10 above as if fully set forth herein.

26. On or about February 6, 2020, Dixon and Picsolve entered into a valid and binding contract entitled, Separation Agreement and General Release ("Separation Agreement"), a copy of which is attached as *Exhibit B*.

27. Under the Separation Agreement, Picsolve had an obligation to pay Dixon $135,000 in equal weekly installments of $2,596.16 (rounded up to the nearest cent).

28. This separation payment was in addition to all amounts due under the terms of the employment agreement described in Count I.

29. Under the Separation Agreement, Picsolve had an obligation to reimburse Dixon for all business expenses he incurred through his termination date.

30. Picsolve made separation payments to Dixon for the nine-week period beginning on February 13, 2020 and ending on April 9, 2020, for a total of $23,365.44.

31. Dixon performed all his material obligations under the Separation Agreement.

32. All conditions precedent to this claim have occurred or been performed.

33. Dixon has suffered damages as a result of Picsolve's breaches.

Wherefore, Dixon demands judgment against Picsolve for damages and such other relief that the court deems appropriate.

                                        Respectfully submitted,

/s/Philip K. Calandrino
Philip K. Calandrino, Trial Counsel
Florida Bar No. 143730
phil@forwardlawfirm.com
litigiation@forwardlawfirm.com
Forward Law Firm, P.A.
175 Lookout Place, Suite 100
Maitland, Florida 32751
(407) 621-4200
Attorney for Marc Dixon